OPINION OF THE COURT
Gene L. Catena, J.
By order to show cause, supporting affidavit and memorandum of law, each dated June 7, 1993, Disability Advocates, Inc., a New York not-for-profit corporation, seeks to intervene in the above-entitled action on behalf of Eric T., a child alleged to have been neglected by the respondent, Virginia S.
Applicant Disability Advocates, Inc. appeared by Cailie Currin, Esq. and said order to show cause was made returnable before the court on June 24, 1993. Prior to that date, at the commencement of the fact-finding hearing, Attorney Currin was allowed to observe the proceedings at which time she argued for the appointment of a separate Law Guardian for the subject child and the right to intervene. The court denied her application as premature during the pendency of the fact-finding proceeding and the court reiterated that argument on the order to show cause was scheduled for June 24, 1993.
On June 24, 1993 oral argument on the motion was heard and the court reserved thereon. Applicant has asserted a myriad of arguments to the court seeking the following relief: intervention as a matter of right; a declaration that the subject child is mentally ill; an independent Law Guardian for the subject child; an independent evaluation of the child to be conducted at the request of the new Law Guardian, a declaration that such evaluation must be conducted to determine whether services could be provided in the community and what placements and services are actually needed by the child and the family in order for the child to remain in the least restrictive placement to allow the child to remain in the community, and an adjournment of the matter pending the evaluation; a declaration providing for residential placement in his home community if such independent evaluation indicates the subject child could remain safely in the home or in a residential placement within his home community; an order directing the implementation of programs and services which are not currently available in the community for the benefit of the subject child so that he may remain within his home community; a declaration that any child who may be involun *457 tarily placed in a residential treatment facility or any other facility which has an operating certificate issued by the Office of Mental Health has a constitutional right to have a Law Guardian appointed to protect solely his/her interests and to express the child’s interests, as opposed to one Law Guardian representing more than one child in such a proceeding; and a declaration that placement in a residential treatment facility or any other facility which has an operating certificate issued by the Office of Mental Health is an extremely restrictive placement which implicates the child’s liberty interests.
In oral argument Attorney Currin was hesitant to indicate that Disability Advocates, Inc. was acting on behalf of the subject child Eric T. She qualified her representation indicating that when a representative for the child is appointed by the State that action by Disability Advocates, Inc. would be duplicative of State provided services and are not authorized. 42 USC § 10821 (a) provides:
"No allotment may be made under this title to an eligible system unless an application therefor is submitted to the Secretary. Each such application shall contain * * *
"(3) assurances that such system, and any State agency or nonprofit organization with which such system may enter into a contract under section * * * [10804 (a) of this title], will not, in the case of any individual who has a legal guardian, conservator, or representative other than the State, take actions which are duplicative of actions taken on behalf of such individual by such guardian, conservator, or representative unless such guardian, conservator, or representative requests the assistance of such system.”
By applicant’s own admission, upon a reading of the Federal legislation, upon recognition that the subject child is represented by a duly appointed Law Guardian, and in the absence of a showing that Disability Advocates, Inc. is not providing duplicative State services, the court finds that their participation in this action is in violation of the Federal mandates authorizing their intervention on behalf of eligible individuals. Accordingly there is no basis within the mandates of the Federal legislation which allows them to intervene in this proceeding.
Notwithstanding the court’s determination that they are not authorized to intervene, the court is compelled to address certain other of the assertions set forth in their motion.
Applicant asserts that they are entitled as a matter of *458 right to intervene in these proceedings pursuant to CPLR 1012, 42 USC § 10805 (a) and Mental Hygiene Law article 45.
42 USC § 10807 provides as follows:
"(a) Prior to instituting any legal action in a Federal or State court on behalf of a individual with mental illness, an eligible system, or a State agency or nonprofit organization which entered into a contract with an eligible system under section [10804 (a) of this title], shall exhaust in a timely manner all administrative remedies where appropriate. If, in pursuing administrative remedies, the system, agency, or organization determines that any matter with respect to such individual will not be resolved within a reasonable time, the system, agency, or organization may pursue alternative remedies, including the initiation of a legal action.
"(b) Subsection (a) [of this section] does not apply to any legal action instituted to prevent or eliminate imminent serious harm to a individual with mental illness.” (Emphasis added.)
However, on reading 42 USC § 10807 this court finds that even if Disability Advocates, Inc. were not providing duplicative services and was authorized to intervene, their intervention at the dispositional stage of this article 10 proceeding is premature.
The applicant herein presumed, even prior to the conclusion of the fact finding, that the court would find neglect and that the child would be placed with the Department of Social Services, which placement they argue is extremely restrictive and implicates the child’s liberty. The court notes that the standard of least restrictive placement is the standard in an article 3 proceeding, but it is not the standard for placement orders in article 10 proceedings.
The court, having just rendered its decision finding neglect on today’s date, has scheduled the dispositional hearing for September 2, 1993. To date no placement order has been made.
At the dispositional hearing the court has several options set forth in Family Court Act § 1052 et seq. One of those options includes placement with the Department of Social Services.
To presuppose, as applicant argues here, that a placement with the Department of Social Services will be made, and that such a placement will result in a deprivation of the subject child’s liberty, prior to the Department of Social Services *459 having acted within their statutory mandate and authority is premature.
Assuming, but not conceding that this court will order placement with the Department of Social Services, the applicant retains the right to intervene by means of exhausting all administrative remedies if the child-services plan developed by the Department of Social Services is inappropriate or deprives the subject child of his constitutional rights. Other legal action is also available to the applicant should a violation of the child’s rights occur.
This court does not find 42 USC chapter 114 — Protection and Advocacy For Mentally 111 Individuals (§ 10801 et seq.) to provide for injunctive relief so as to preclude the exercise of administrative discretion by a properly authorized agency performing its mandated duties in the absence of any showing of an abuse of their discretion.
As regards that portion of the motion which seeks the appointment of a sole Law Guardian to represent the subject child, Eric T., the court finds no conflict of interest so as preclude the Law Guardian from acting on behalf of Eric T. and his siblings at either the fact-finding or the dispositional phase of these proceedings.
Notwithstanding that Disability Advocates, Inc. lacks authority to intervene, the motion to intervene is premature as the Department of Social Services has not yet abused its discretion or violated the liberty interests of the subject child, nor is it the proper legal method for seeking relief from such a transgression. The court will not address the remaining contentions set forth in the application, some of which are clearly outside the subject matter jurisdiction of this court and others of which request duplicative administrative services which will be provided in the event a placement order is made.